Far, J.
delivered the opinion of the court.—The court deems it right to repeat what was said in Nix's case, 11 Leigh 636. that the practice of dismissing a jury to take the opinion of this court upon matters occurring in the course of a trial, is inconvenient and hazardous, and not to be commended. Acting on that case however, as a precedent, we will consider the case adjourned.
The exclusion of the witness Devers is supposed to be sought on the ground that he is interested to get rid of the accused as a witness against him ; which would be the effect of the accused being convicted of perjury. But this effect is not peculiar to a conviction for perjury. It would follow if the accused were convicted of any felony punishable by death, or by confinement in the penitentiary. For the same act which declares that “ no person convicted of perjury, although he be pardoned or punished for the same, shall be capable of being a witness in any case,” declares also, that “ no person convicted of treason, murder, or other felony whatsoever, shall be admitted as a witness in any case whatsoever, unless he be first pardoned, or shall have received such punishment as by law ought to be inflicted upon such conviction.” 1 Rev. Code, ch. 131. § 1. 2. p. 517. If the accused should be convicted of any capital felony, he would be put out of the way very effectually; and if sentenced to confinement in the penitentiary, though the disability is pro tempore only, yet it would have the effect to get rid of the witness at the trial, as it is not likely the civil action would be kept depending for three years at least, or more, in order to abide his discharge. In a prosecution for felony or perjury, then, suppose the accused to be a material witness in a pending civil action against one who is of *822 fered as a witness against him ; is the witness offered for the prosecution incompetent for that reason ? “It is a general rule that in criminal prosecutions the injured party may be a witness, although, on the conviction of the prisoner, he will in many cases be entitled to a reward.—It is the constant practice on an indictment for robbery, to admit evidence of a person who has been robbed ; and it is not a sufficient objection that he will be entitled to the restitution of his property on the conviction of the offender. The same evidence is admitted in prosecutions for a cheat or perjury ; and in the case of perjury it is not material whether the party has or has not paid the judgment in the suit in which the perjury was committed.—In other cases, also, the party aggrieved will be allowed to give evidence in a criminal prosecution, as he cannot after-wards avail himself of the record of conviction, in any future suit, in order to prove the criminal act.” 1 Phillipps on Ev. (Cowen’s edi.) 119. 120. 121. And after discussing the rule in the case of forgery, with the history and grounds of it, this author adds, “ With regard to any probable advantage the witness may be supposed to receive from a conviction, by the prisoner being disabled from giving evidence in any future suit, or from the great probability of his failing in an action in consequence of the discredit which a conviction must throw upon the instrument,—these are circumstances which a jury would be directed to consider as forming a strong bias on the witness’s mind, but which cannot render him incompetent.” Id. 124.
This court must have acted on the principles above stated, in Baker’s case, 2 Va. Cas. 353. and Gilliam’s case, 4 Leigh 688. wherein it was held that a voluntary informer in the case of a misdemeanour, though liable for costs, was a good witness. For there is nothing in the statute which declares that such informer may be a witness, or necessarily implies it: as one may *823 well be a prosecutor, and yet not the witness to procure ‘ . J 1 or support the indictment.
We do not mean to say that there are no exceptions to the principle before stated. But in general, the rule applies in all criminal pleas of the commonwealth. There are some cases where, though the form of the proceeding is criminal, it is designed only as a civil remedy, and to vindicate some private right. These perhaps may be exceptions ; and possibly others.
We have considered the case as if Josiah Hart were a certain and material witness against Devers in the depending civil cause. But the case does not present him in that light. For, though summoned, it is not certain he would be called, nor that if called he would be material, or would depose to any thing which might not be proved by others. Does this shew a case in which the witness would have any certain interest in his conviction ? “ The true test of the interest of a witness is, that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and yested interest, and not an interest uncertain, remote and contingent; and if the interest is of a doubtful nature, the objection goes to his credibility. For, being always presumed to be competent, the burthen of proof is on the objecting party, to sustain his objection to the competency ; and if he fails satisfactorily to establish it, the witness is to be sworn.” Greenleaf on Evid. 434. This principle we think applies to the situation of the witness, were we even mistaken in the view first presented. And though he might use the record in any future suit, yet every one else might do the same in any suit in which he was offered as a witness. In such case, the record would not be used in the ordinary sense of the rule; for, as such, it would be res inter alios acta, and could not be admitted. It could be used *824 by every body, however, to prove the fact of the con- . , , * . viction, and the consequent disability of the party.
We have found but two cases, bearing more directly than others on the question before us; Rex v. Hulme, 7 Carr. & Payne 8. 32 Eng. C. L. Rep. 417. and The State v. M’Kennan, 1 Harper’s South Car. Rep. 302. The first was tried before lord Denman. The defendant was indicted for perjury, committed on the trial of an action by the firm of Hulme Sf-Co. against Gibson Sf others. Gibson was called, and stated that he expected the defendant Hulme would be called as a witness against him in another cause which was coming on between the same parties. The witness was objected to on the ground of interest. Lord Denman said, “ The point appears to be a new one, not touched by any of the cases, and I must say I feel very great (difficulty about it. And that being so, and there being no decision on the subject, I think it is my duty to receive the evidence, as we are not to disqualify witnesses without some clear determination on the subject. If I had to decide the question finally, I should reject the evidence. I only receive it because there is an opportunity-of revising my decision.” The attorney general thought he ought not to press the reception of the witness against his lordship’s impression. Lord Denman then said, “ I think the only ground on which I could receive the evidence is, the possibility that' some great public inconvenience may result from a contrary course, which does not suggest itself to one’s mind on the first consideration of the subject. And perhaps I may add, that it is hardly fair to subject a witness to such strong observations as would be made upon him.” This case can hardly be considered as a decision at all, or as any thing more than the strong impression of lord Denman; and of little more weight than the opposite case of Campbell v. Freeling, before lord Tenterden, cited in the argument of the attorney general.
*825 The second case (The State v. M’Kennan) is a decision of the supreme court of South Carolina, admitting a witness in a prosecution for perjury, against objections very similar to those which would exclude the witness in the present case. The defendant was indicted for perjury, alleged to have been committed on the trial of an action of slander, in swearing to the perpetration of a felony by the party who was now offered as a witness for the prosecution. This witness was objected to as incompetent on the ground of interest, inasmuch as a conviction of the defendant would prevent him from giving testimony against the witness, in case the latter should be indicted for the felony. “Certainly,” said the court, “he may feel a bias, arising out of his possible consciousness, or the anticipation of such eventual consequences; but his danger is barely possible, at least until an indictment shall have been found against him. On the other hand, if every defendant could gel rid of his prosecutor by charging him in turn with a felony, I know not how any real felon could be brought to justice, provided he can find out in due time the names of the witnesses against him; for he would only have to charge each with a crime, and then say that they were all interested to convict him, in order to render him an incompetent witness against themselves. This objection must go to the credit and not to the competency of the witness.” In a case like the one before us, the accused would only have to learn what suits were depending against the prosecutor, or, for want of such, to get one brought, and procure himself to be summoned, in order to delay or wholly defeat the prosecution.
We all think it should be certified to the circuit court, that the witness is competent.